IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. JENKINS,

    Petitioner,

v.

MR. J. MYRICK, Superintendent,

    Respondent.

Civil No. 2:15-cv-00349-AC

FINDINGS AND RECOMMENDATION

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorneys for Petitioner

ELLEN F. ROSENBLUM
Attorney General
ANDREW D. HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Petitioner

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On July 30, 1980, Petitioner was convicted in Multnomah County on two counts of Rape in the First Degree, one count of Kidnaping in the First Degree, one count of Sodomy in the First Degree, and one count of Robbery in the Third Degree. Resp. Exh. 101. The trial judge sentenced Petitioner to an 83-year indeterminate prison term. Resp. Exh. 101. On November 2, 1990, Petitioner was convicted in Marion County on one count of Supplying Contraband and sentenced to a 15-month term of imprisonment, to run consecutive to his 1980 sentence. Resp. Exh. 101.

In September 1997, the Oregon Board of Parole and Post-Prison Supervision (the "Board") conducted an administrative review of Petitioner's prison sentence. Resp. Exh. 103, pp. 144-46. The Board overrode the judicial sentences and found 246 months of imprisonment to be an adequate prison term. Resp. Exh. 103, pp. 144-46.

In September 2008, the Board conducted an exit interview hearing to determine Petitioner's suitability for release on parole. Resp. Exh. 103, pp. 254-56. Following the hearing, the Board deferred Petitioner's parole release date for 24 months. Resp. Exh. 103, p. 256. The Board explained its decision in Board Action Form ("BAF") #14:

> Based on the doctor's report and diagnosis, coupled with all the information that the board is considering, the board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to health or safety of the

2 - FINDINGS AND RECOMMENDATION -

community. The board has considered this matter under the laws in effect at the time of the commitment offense(s) and all other applicable rules and laws.

Resp. Exh. 103, p. 256.

Following the Board's issuance of BAF #14, Petitioner filed three Administrative Review Requests in October 2008. Resp. Exh. 259-274. On November 13, 2009, the Board issued an Administrative Review Response ("ARR") rejecting Petitioner's claims. Resp. Exh. 103, pp. 225-227. In the ARR, the Board expounded on the reasons set forth in the BAF for denying Petitioner's release:

> On September 24, 2008, the board conducted an exit interview with you. After considering all of the evidence presented at this hearing, including a psychological evaluation prepared by Dr. Frank P. Colistro on June 30, 2008, and applying the substantive standard in effect at the time you committed your crime as well as the applicable procedural rules, the board found that you were suffering from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community.

Resp. Exh. 103, p. 226.

Petitioner appealed the Board's decision to the Oregon Court of Appeals, asserting three assignments of error: (1) the Board did not provide a substantial reason for denying release as required by Or. Rev. Stat. § 183.482(2); (2) the Board did not state in writing the basis for its decision as required by Or. Rev. Stat. § 144.135; and (3) the Board's order deferring release violated the Due Process Clause of the Fourteenth Amendment. Resp. Exh. 105. The Oregon Court of Appeals reversed the Board's decision in a written opinion that concluded the Board was required under Or. Rev. Stat. § 144.335(e) to provide an inmate with a substantial reason for denial and that, in Petitioner's case, the Board failed to do so. *Jenkins v. Board of Parole and Post-Prison Supervision*, 258 Or. App. 430, 309 P.3d 1115 (2013). In so deciding, the Court of Appeals looked

3 - FINDINGS AND RECOMMENDATION -

only to the language contained in the BAF, which the court found did not satisfy the statutory requirement to provide a substantial reason for denying release. *Id.* at 444. The Oregon Court of Appeals noted that it did not reach the Due Process argument set forth by Petitioner because it decided the issue on state-law grounds. *Id.* at 432 n.2.

The Board sought review from the Oregon Supreme Court. Resp. Exh. 114. In the briefing before the Oregon Supreme Court, the Board discussed Petitioner's state law claims, and also argued Petitioner's due process claim should be denied on the merits. Resp. Exh. 111, pp. 27-30. Petitioner did not address any federal claims in his briefing to the Oregon Supreme Court; instead, he reiterated his arguments on the state law claims. Resp. Exh. 113. The Oregon Supreme Court reversed the Oregon Court of Appeals, finding that the explanation contained in the Board's ARR could be considered in addition to the explanation provided in the BAF, and that the ARR satisfied Or. Rev. Stat. §§ 144.135 and 183.482(8). *Jenkins v. Board of Parole and Post-Prison Supervision*, 356 Or. 186, 335 P.3d 828 (2014). The Oregon Supreme Court did not address any federal claims.

Petitioner filed a petition for reconsideration with the Oregon Supreme Court. Petitioner argued the Oregon Supreme Court effectively allowed the Board to violate the Ex Post Facto and Due Process Clauses "by applying a[n] amended version of ORS 144.335(a)-(b) (1991), a law that was not in effect during the commission when [petitioner's] crimes was committed." Resp. Exh. 118. The Oregon Supreme Court denied Petitioner's request for reconsideration. Resp. Exh. 119.

Petitioner then filed his Petition for Writ of Habeas Corpus in this Court. In his *pro se* Petition, he alleges the following verbatim grounds for relief[1]:

---

[1] The Court subsequently appointed counsel to represent Petitioner.

4 - FINDINGS AND RECOMMENDATION -

**Ground One:** The board of Parole Prejudice me by violating my rights to due process of law and equal protection of law under the 14th Amendment the United States Constitution and the state and federal ex Post-facto clause.
**Supporting Facts:** The Board of Parole applied a amended Oregon revise statute that was not in effect during the commission of my crime and by doing so it prejudice me and violated my right to the 14th amendment of the United States Constitution and the state and federal ex Post-facto clause.

**Ground Two:** The Board of Parole applied an amended statute that was promulgated in 1991 (ORS 144.335(a)-(b) (1991).)
**Supporting Facts:** This law that was not in effect during the commission when my crimes was committed added a element of (a) and (b) to ORS 144.335(1) that allowed the Board of Parole to go beyond the final order of the BAF, by including a administrative review response as the final order when in fact the BAF is the final order pursuant to ORS 144.335(1) (1979). The law in effect during the commission when the said crimes was committed.

**Ground Three:** The Court of Appeals in case CAA144545 reversed the Parole Board decision and the Oregon Supreme Court in Case No. S061812 reversed the Court of Appeals reversal.
**Supporting Facts:** The Oregon Supreme Court in Case No. S061812 violated the ex post-facto clause by allowing ORS 144.335(1)(a)-(b) (1991) as the final order to increase the punishment that ORS 144.335(1) (1979) did not allow in the BAF that was clarified as the final order in Harris v. Board of Parole, 47 Ore. App. 289.

**Ground Four:** In 1979, ORS 144.135 established that the Baf pursuant to ORS 144.335(a) (1979) was in fact the final order.
**Supporting Facts:** ORS 144.135 required the Board of Parole to state in detail in the BAF (final order) their decision rendered pursuant to ORS 144.335(a) (1979).

Respondent argues Petitioner is not entitled to relief on the claims alleged in Ground One for three reasons: (1) because he fails to explain how the procedural requirements of Or. Rev. Stat. § 144.335 could implicate the due process or ex post facto clauses; (2) because, to the extent Petitioner alleges an ex post facto claim, that claim is procedurally defaulted; and (3) to the extent Petitioner alleges a due process claim he is not entitled to relief on the merits. Respondent further argues Petitioner's claims alleged in Grounds Two, Three, and Four fail to state a claim upon which

relief may be granted under § 2254 because they allege only state-law violations, and make no reference to any federal claim. In his counseled Brief in Support, Petitioner argues only that the Board violated his right to be free from ex post facto punishment.

## DISCUSSION

### I. Ex Post Facto - Ground One

Petitioner argues the Board violated his rights under the Ex Post Facto Clause by applying a statute that allowed the Oregon Supreme Court to go beyond the final order of the BAF and include into their ruling the Board's ARR to reverse the Oregon Court of Appeals decision, and thus find that the Board did not violate Petitioner's due process rights. In essence, Petitioner argues that at the time his crime was committed, the Oregon courts could not look beyond the BAF to determine whether the Board satisfied the statutory requirement that an order denying release on parole be supported by substantial reasons. A subsequent change to Oregon law, he argues, allowed the Oregon Supreme Court to look beyond the BAF, to the reasoning asserted by the Board in its ARR, to determine whether the Board provided "substantial reasons" to deny release. As noted, Respondent contends Petitioner procedurally defaulted his ex post facto claim. In any event, Respondent argues, Petitioner would not be entitled to relief on the merits of this claim.

#### A. Exhaustion and Procedural Default

A state prisoner must exhaust all available state remedies before seeking a federal writ of habeas corpus by "fairly presenting" his or her claims to the highest state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Fair presentation requires the prisoner to alert the state courts of his or her federal claims by citing the federal source of law, an applicable case, or by labeling the claims as

6 - FINDINGS AND RECOMMENDATION -

"federal." *Id.* at 32. To properly exhaust the federal claim, a prisoner must submit his or her claim in a procedural context in which the merits of the claim could be considered without special circumstances. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (finding no fair presentation where the claim was presented for the first and only time on discretionary review to the state's highest court). Presenting a claim "to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances dose not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) (claim not fairly presented when raised for the first time on petition for discretionary review to the state Supreme Court).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451.

Petitioner did not assert his claim of ex post facto violation until he filed his request for reconsideration with the Oregon Supreme Court. The Oregon Supreme Court denied the request for reconsideration with a one-sentence order: "The court has considered the petition for reconsideration and orders that it be denied." Resp. Exh. 119. Petitioner argues the order indicates

7 - FINDINGS AND RECOMMENDATION -

the Oregon Supreme Court appears to have addressed the ex post facto claim and, as such, the court had a full and fair opportunity to consider the merits of the alleged constitutional violation.

Customarily, the Oregon Supreme Court does not address issues raised for the first time on appeal. Or. R. App. P. 9.05(3)(e). There is no right to an appeal to that court; all review is discretionary. *Baldwin*, 541 U.S. at 32. If review is granted, the court generally limits its consideration to issues presented in the Petition for Review and the Answer, although the court may also consider any other issues that were before the Oregon Court of Appeals. Or. R. App. P. 9.20(2). Petitioner presented his ex post facto arguments for the first time in a motion for reconsideration, prompting, essentially, a second round of discretionary review. Here, contrary to Petitioner's argument, the Oregon Supreme Court's summary denial of Petitioner's motion for reconsideration gives no indication that the court reviewed Petitioner's ex post facto claim on the merits. *See Green v. Lambert*, 288 F.3d 1081, 1087 n.2 (9th Cir. 2002) (summary dismissal of motion for reconsideration to higher court with discretionary review powers raising new constitutional claim for first time falls "squarely within the reach of *Castille*," which held that issues raised for the first time in purely discretionary motions are not exhausted for federal habeas purposes when those motions are dismissed without comment).

Petitioner did not fairly present his ex post facto claim to the Oregon courts and, because the time to do so has now expired, Petitioner has procedurally defaulted this claim. Because Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, habeas corpus relief on the ex post fact claim alleged in Ground One should be denied.

8 - FINDINGS AND RECOMMENDATION -

### B. Relief on the Merits

In any event, even if Petitioner had not procedurally defaulted his ex post facto claim, he is not entitled to relief on the merits of his claim. The Ex Post Facto Clause of the U.S. Constitution bars "enactments, which by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249–50 (2000); *Cal. Dep't. of Corr. v. Morales*, 514 U.S. 499, 508–509 (1995). It is well settled that retroactive changes in laws governing the parole of prisoners, in some instances, may violate the Ex Post Facto Clause. *Garner*, 529 U.S. at 250; *Morales*, 514 U.S. at 508–09; *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003); *Nulph v. Faatz*, 27 F.3d 451, 455 (9th Cir. 1994).

The Supreme Court has recognized the inherent difficulty in determining whether retroactive application of a particular change in parole rules violates the Ex Post Facto Clause, given the discretionary nature of parole board decisions. *Garner*, 529 U.S. at 250. The Court has cautioned that "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited" and there is no "single formula for identifying which legislative adjustments, in matters bearing on parole, would survive an ex post facto challenge." *Garner*, 529 U.S. at 250 & 252; *Morales*, 514 U.S. at 508–09; *Brown v. Palmateer*, 379 F.3d 1089, 1093 (9th Cir. 2004). The question is a matter of degree, and the controlling inquiry is whether retroactive application of the change in the law creates a "sufficient risk of increasing the measure of punishment" attached to the petitioner's crime. *Garner*, 529 U.S. at 250; *Morales*, 514 U.S. at 509; *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106 (9th Cir. 2011).

Here, to the extent the Oregon Supreme Court considered Petitioner's ex post facto claim, the denial of relief was not objectively unreasonable. The Board did apply a rule or law to petitioner retrospectively. However, that particular rule did not constitute a "facial violation of the Ex Post Facto Clause." *Nulph*, 27 F.3d at 456–57. Moreover, in order to succeed on a claim that the rule was detrimental to him, as applied, petitioner "would be required to show that he would have received a shorter prison term under the old rule." *Id.* at 457. Petitioner presented no such evidence to the Oregon Supreme Court, and presents no such evidence here.

The sole result of application of the new statute to Petitioner's situation was the inclusion of the Board's reasoning in the ARR as part of the "final order" for the purposes of review. Petitioner has not demonstrated that, had the ARR not been included as part of the "final order" for the purposes of review, he would have been entitled to release on parole.[2] As such, Petitioner is not entitled to habeas corpus relief on the ex post facto claim alleged in Ground One.

## II.   Unaddressed Claims - Ground One (Due Process) and Grounds Two, Three, and Four

As noted, Petitioner does not address in his Brief in Support the due process claim alleged in Ground One or any of the claims alleged in Grounds Two, Three, or Four. A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding,

---

[2]In fact, pursuant to the Oregon Court of Appeals' decision in Petitioner's favor which was reversed by the Oregon Supreme Court, the remedy was not release, but instead, a "remand for the board to provide an explanation of its decision." *Jenkins*, 258 Or. App. at 444.

10 - FINDINGS AND RECOMMENDATION -

if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." The Court has reviewed the record and finds Petitioner has not met his burden of showing he is entitled to relief on the due process claim alleged in Ground One, or any of the claims alleged in Grounds Two, Three, or Four.

To the extent Petitioner advances the due process claim alleged in Ground One on the same bases upon which he presented his due process claim to the Oregon state courts, relief on must be denied. Petitioner received all the process due an inmate facing the deprivation of parole release: the opportunity to be heard and to be informed of the reasons for parole denial. *See Swarthout v. Cooke*, 562 U.S. 216 (2011); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 15-16 (1979). Accordingly, the Oregon state court decisions denying relief on Petitioner's due process claim are entitled to deference.

With respect to the claims alleged in Grounds Two, Three, and Four, a federal court may entertain an application for writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout*, 562 U.S. at 219. Federal habeas corpus relief "does not lie for errors of state law." *Id.* Petitioner alleges violation of state laws in Grounds Two, Three, and Four.[3] Accordingly, those claims fail to state a claim upon which relief may be granted under § 2254.

---

[3] Petitioner mentions the "ex post-fact clause" in Ground Three, but otherwise speaks only to state law. In any event, to the extent the claim alleged in Ground Three may be broadly construed to state a federal ex post facto claim, as discussed above relief on such a claim is not warranted.

11 - FINDINGS AND RECOMMENDATION -

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due January 27, 2016. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 12th day of January, 2016.

John V. Acosta
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION -