IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL W. JENKINS**, | Case No. 2:15-cv-0349-AC |
| Petitioner, | **ORDER** |
| v. | |
| **MR. J. MYRICK**, Superintendent, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on January 12, 2016. Dkt. 27. Judge Acosta recommended that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) should be denied and that a certificate of appealability should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Petitioner timely filed an objection. Dkt. 29. Petitioner relies on his briefing submitted to Judge Acosta and argues that Judge Acosta erroneously concluded that: (1) Petitioner's *ex post facto* claim was procedurally defaulted because it was not exhausted in the state court system or, in the alternative, fails on the merits; (2) Petitioner's Petition should be denied; and (3) a certificate of appealability should not issue. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has objected, as well as the underlying briefing before Judge Acosta. The Court agrees with Judge Acosta's reasoning and ADOPTS those portions of the Findings and Recommendation.

Regarding Petitioner's *ex post facto* claim, the Court notes that Petitioner argues in support of his Petition that the Oregon Supreme Court erroneously applied an amended version of Or. Rev. Stat. § 144.335 in rejecting Petitioner's arguments that the Oregon Board of Parole improperly denied Petitioner parole. Petitioner, however, did not argue in briefing on the merits before the Oregon Supreme Court that the amended statute should not apply and, if applied, such application would violate the *Ex Post Facto* clause. To the contrary, Petitioner specifically argued before the Oregon Supreme Court that based on the plain text of that amended statute, Petitioner was entitled to relief. Petitioner never raised an *ex post facto* argument until filing his motion for reconsideration before the Oregon Supreme Court. For the reasons stated in the Findings and Recommendation, Petitioner's failure to raise this alleged constitutional issue until his motion for reconsideration did not "fairly present" his claim to the Oregon Supreme Court and his claim is, therefore, procedurally defaulted.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

PAGE 2 – ORDER

require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, Dkt. 27. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 2nd day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER